IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., | : : : | |
| Plaintiff | : : | CIVIL ACTION |
| v. | : : | NO. 05-3391 |
| DIANE F. HUGHES, et al., | : : | |
| Defendants | : | |

MEMORANDUM OPINION

DAVID R. STRAWBRIDGE                                                                                    December     , 2005
United States Magistrate Judge

      This is an insurance coverage dispute concerning two related personal automobile insurance policies issued by plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") to its insureds Diane F. and Douglas C. Hughes ("Hughes").  At issue is a dispute with respect to the selection or waiver of a coverage option, which has direct effect upon the limits of the policies' underinsured motorist protection.  State Farm has filed this declaratory judgment action under 28 U.S.C. § 2201 seeking a resolution of the dispute.  It invokes this Court's jurisdiction pursuant to 28 U.S.C. § 1332(a).  The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636 (c), Fed. R. Civ. P. 73, and Loc. R. Civ. P. 72.1.

      Presently before the Court is Hughes' "Motion to Compel Arbitration on Behalf of Defendants."  By this motion, Hughes seeks the entry of an Order which would compel that the dispute be resolved by the arbitration provisions in the applicable State Farm policies.  State Farm opposes the motion.

**I.     BACKGROUND**

On September 27, 2001, while the policies were in effect, Douglas Hughes was seriously injured as a result of a two vehicle accident which occurred while he was operating a car owned by he and his wife Diane Hughes. The driver of the other vehicle, who is alleged to be at fault, had a liability policy with Allstate with a limit of $100,000. That sum was paid to Hughes. Hughes then presented a claim to State Farm seeking the benefits of the underinsured motorist protection provisions of the two policies.

A dispute has arisen over the limits of that protection. State Farm has alleged that the policies' limits are $25,000 per person, $50,000 per occurrence. Hughes, on the other hand, has alleged that the limits are $50,000 per person, $100,000 per occurrence. Consistent with their position and in apparent response to the liability assessment and damages involved, State Farm paid Hughes $50,000, the total stacked underinsured motorist protection under its analysis of the coverage limit. Hughes claims an additional $150,000 in coverage under its interpretation that the stacked coverage limits of the two policies is $200,000. Hughes asserts that this issue must be resolved by way of the arbitration provisions and not by this Court. State Farm disagrees.

**II.    DISCUSSION**

The determination of whether a dispute is arbitrable or not must come from an analysis of whether the parties formed an agreement to arbitrate and whether the dispute falls within the scope of that agreement. *Nationwide Mutual Insurance Company v. Cosenza*, 258 F.3d 197 (3d Cir. 2001); *Messa v. State Farm Insurance Company*, 641 A.2d 1167, 1168 (1964). There is no question here that the parties formed an agreement to arbitrate. The issue to be resolved is limited to the scope of that agreement.

The controlling language concerning the scope of arbitration comes from the policies' Section III- "Uninsured Motor Vehicle and Underinsured Motor Vehicle Coverages" provisions.[1] This coverage grant, which is identical in both policies, obligates State Farm to "pay damages for *bodily injury* an *insured* is legally entitled to collect from the owner or driver of an *underinsured motor vehicle*." Within that coverage grant, the policy provides with respect to "Deciding Fault and Amount" that:

> Two questions must be decided by agreement between the *insured* and us:
>
> 1. Is the *insured* legally entitled to collect compensatory damages from the owner or driver of an *uninsured* motor vehicle or *underinsured* motor vehicle; and
>
> 2. If so, in what amount?
>
> If there is no agreement, these two questions shall be decided by arbitration at the request of the *insured* or us. The arbitrators' decision shall be limited to these two questions. The arbitrators shall not award damages under this policy which are in excess of the limits of liability of this coverage as shown on the declarations page.

Hughes urges that this language must be considered in conjunction with what it argues is limiting language within the same coverage grant. This provision provides:

> Arbitration shall not be a means of settlement to decide:
>
> 1. any form of interpolicy or intrapolicy stacking;
>
> 2. selection of coverage option, or waiver of such coverage;
>
> 3. determination of residency in defining who is or is not an insured under these coverages;

---

[1] Attached as "Exhibit C" to Plaintiff's Complaint.

      4.      statutes of limitation; or

      5.      determination of whether a claimant is an insured under these coverages.

The task of interpreting this policy is for the Court. *Standard Venetian Blind Company v. American Empire Insurance Company,* 469 A.2d 563, 566 (Pa. 1983). The initial inquiry to be made by the Court is whether the policies' disputed terms are ambiguous. *St. Paul Marine Insurance Company. v. Lewis,* 935 F.2d 1328 (3d Cir. 1991). This analysis is governed by the simple proposition of determining whether reasonable persons could honestly differ as to its meaning. *Imperial Casualty Indemnity Company v. High Concrete Structures, Inc.,* 858 F.2d 128, 131 (3d Cir. 1988).

Under this standard, we find that there can be no dispute that the language of the first portion of the provision is clear and unambiguous. The policy clearly states that "these two questions [legal entitlement to damages and if any, how much] shall be decided by the arbitrators," and importantly that the "arbitrators' decision shall be limited to these two questions." Reasonable persons could not honestly differ as to its meaning.

While State Farm asserts that this would be enough to resolve this motion, it is appropriate to also consider what Hughes characterizes as one of the five "exclusions," and particularly item 2, "selection of coverage option, or waiver of such coverage." State Farm asserts that there is a real dispute over the "selection [or waiver] of coverage option." Hughes disagrees.

Hughes relies upon certain acknowledgments signed by Diane Hughes indicating a desire that the policies' uninsured and underinsured motorist coverage be at the $50,000 / $100,000 level. (Hughes' Mot. Para. 6). State Farm flatly denies this allegation and asserts that the proper legal

effect of the documentation is that Hughes selected the lower $25,000/$50,000 policy limits. (Ans. to Mot. Para. 6).

Hughes also relies on a letter of November 21, 2002 where State Farm Claim Representative Martyann Gutierrez advised counsel for Hughes that the higher $50,000/$100,000 limits applied. (Hughes' Mot. Para. 10). State Farm concedes that such advice was given but argues that it was erroneous and the error was corrected by a letter of February 4, 2003 from State Farm "Team Manager" Richard Wetzel to Hughes counsel. (Ans. to Mot. Para. 10).

It is not for us, at this point, to resolve this dispute. It is enough to note that the parties appear to have strongly held views, and that there appears to be some documentation which may tend to support both positions. We accept that their positions are taken in good faith. We also observe, however, that the acknowledgment of the dispute by both sides would seem to confirm the State Farm position that its resolution fits squarely within the "exclusion" and is explicitly not a matter for arbitration.

Hughes has presented the Court with Pennsylvania state court and certain federal court authority suggesting that this Court must broadly construe the arbitration provision and noting that the clear public policy of Pennsylvania favors arbitration. In particular, Hughes relies on the Pennsylvania Supreme Court's decision in *Borgia v Prudential Insurance Company,* 750 A.2d 843 (Pa. 2000), where that Court overruled the Superior Court's decision to vacate an arbitration award and held that the issue of whether an insured was a "covered person" was arbitrable. Borgia relied in substantial part on the Supreme Court's prior decision in *Brennan v. General Accident Fire and Life Assurance Corporation Ltd.,* 574 A.2d 580 (Pa. 1990), which confirmed that where the amount

of damages an insured would and could receive in an underinsured motorist claim was arbitrable as the arbitrators had broad authority to decide all matters necessary to dispose of the claim.

While we certainly agree with Hughes that public policy favors arbitration, that policy cannot supercede the clear language of an arbitration agreement. We note that both *Brennan* and *Borgia* dealt with significantly different language than what appears in the State Farm policy at issue here. The operative policy language upon which the *Brennan* Court relied was:

> If we and the covered person disagree whether that person is legally entitled to recover damages from the owners or operator of an under insured motor vehicle, or do not agree as to the amount of damages, either party may make a written demand for arbitration.

*See Brennan*, 574 A.2d at 582. The operative language the Court relied upon in *Borgia* stated: "[i]f we and a covered person disagree on policy coverages or amounts payable, either party may make a written demand for arbitration. *See Borgia*, 750 A.2d at 852 (concurring opinion of Justice Zappala).

We are also mindful of the Superior Court's more recent opinion in *Henning v. State Farm Mutual Automobile Insurance Company,* 795 A.2d 994 (Pa. Super. 2002), where the Court was asked to interpret the precise language of the uninsured and underinsured motor vehicle provisions presently before us. In *Henning*, the Court was asked to resolve a dispute with respect to whether the "named driver exclusion" was valid and whether it fell within the scope of the arbitration clause. After quoting the language of the clause, Judge McEwen, writing for the Court, stated:

> We have no hesitation in concluding that the arbitration clause is limited to the two issues expressly set forth under the terms of the policy [legal entitlement to damages from other driver and if so in what amount] and thus is inapplicable to the present dispute between the parties.

*Id*. at 996.

Judge McEwen relied extensively upon *State Farm Mutual Automobile Insurance Company v. Coviello,* 233 F.3d 710 (3d. Cir. 2000), where Judge Rendell interpreted the identical language of the State Farm policy at issue here, and noted that the arbitration clause is expressly limited and stands in "stark contrast to the situation in *Brennan*, where the Court noted that the policy language placed no limit on the jurisdiction of the arbitrators." *Id*. at 719 (citing *Brennan*, 574 A.2d at 583). The Third Circuit's opinion in *Cosenza,* 258 F.3d 197*,* also supports our conclusion that where the terms of the arbitration agreement are expressly limited, as they are here, that limitation will be enforced as written.

We also give credit to a further argument by State Farm which points out that the arbitrators are limited by the provision which states "[t]he arbitrators shall not award damages under this policy which are in excess of the limits of liability of this coverage as shown on the declarations page." Although neither party provided the Court with a copy of the "declarations page," counsel agreed at oral argument that the limits applicable to underinsured motorist protection that appear on the declarations page was the $25,000/$50,000 figure. Hrg. Transcr. 39 (Nov. 9, 2005). Suffice it to say that it strikes the Court as peculiar that Hughes would argue that the case should be dismissed in favor of proceeding to arbitration when by the very language of the arbitration clause itself, Hughes, without having the policy reformed, would be entitled to no more than the sum State Farm has already paid.

Finally, State Farm asserts that the Hughes' argument that the alleged selection of the lower limits of coverage is unenforceable as violative of the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. § 1734, is not properly the subject of arbitration. Because we conclude that the terms of the arbitration provision are clear and unambiguous, and should be enforced as written, we need not address that issue.

We are thus inexorably drawn to conclude that the dispute concerning the selection of coverage option and the limits of liability for underinsured motorist protection is not the proper subject of arbitration under the language of the State Farm policy. Hughes' counsel seemed to have accepted this proposition at oral argument:

> THE COURT: But you would agree if we find that there is a proper dispute, that it's appropriate for us to retain jurisdiction, resolve that dispute --
> MR. BADAL: Absolutely.
> THE COURT: -- and then once that dispute's resolved, the matter is either -- done because they paid the lower limits or you go to arbitration and decide whether or not --
> MR. BADAL: You have this question to decide, is there in fact a legitimate legal dispute over that issue. If there is, then we should be here on the merits. If there is no such legitimate legal dispute then it should not.

Hrg. Transcr. 37 (Nov. 9, 2005).

Counsel for Hughes is correct. The Court must decide whether there is in fact a legitimate legal dispute. We have so decided. We believe that there is. The Defendant's Motion to Compel Arbitration is denied.

## **CONCLUSION**

For the reasons set out above, the Defendant's Motion to Compel Arbitration is **DENIED.**

An appropriate Order follows.

BY THE COURT:

---

DAVID R. STRAWBRIDGE
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., | : : : | |
| Plaintiff | : : | CIVIL ACTION |
| v. | : : | NO. 05-3391 |
| DIANE F. HUGHES, et al., | : : | |
| Defendants | : | |

**O R D E R**

AND NOW, this _____ day of December, 2005, upon consideration of the Defendant's Motion to Compel Arbitration, Plaintiff's response thereto, briefs filed by the parties in support of their positions, presentations of the parties made at oral argument, and supplemental letter briefs, it is hereby **ORDERED** that the Motion to Compel is **DENIED**.

BY THE COURT:

_____
DAVID R. STRAWBRIDGE
United States Magistrate Judge